IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 19-cr-770 |
| **Plaintiff,** | ) |
| | ) Judge Dan Aaron Polster |
| v. | ) |
| | ) **OPINION & ORDER** |
| MERSEAN WATTERS, | ) |
| | ) |
| **Defendant.** | ) |

Before the Court is defendant Mersean Watters' pro se Motion to Vacate Under 28 U.S.C. § 2255 (the "Motion"). ECF Doc. 34. For the following reasons, the Motion is DENIED.

Watters seeks vacatur of his sentence for possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c).* ECF Doc. 34. The Motion includes three vacatur arguments: (1) the Government lacked sufficient evidence to establish that the firearm discovered in his bedroom had the necessary nexus to the controlled substances found elsewhere in his house; (2) he is actually innocent of this crime because there was no nexus between the recovered firearm and the recovered controlled substances; and (3) his trial counsel was ineffective by advising him to plead guilty to the 18 U.S.C. § 924(c) charge when the Government lacked sufficient evidence to prove the crime. *Id.* Watters has requested a hearing on his ineffective assistance of counsel claim. *Id.* at 30.

Turning first to legal sufficiency, Watters' argument is foreclosed by the express terms of his plea agreement. More specifically, Watters waived his right to challenge the conviction under

---

*On February 9, 2021, Watters pleaded guilty to one count of conspiracy to possess of cocaine with an intent to distribute, one count of possession of cocaine with intent to distribute, two counts of felon in possession of a firearm, and one count of possession of a firearm in furtherance of drug trafficking crime. ECF Doc. 31. The Court then sentenced Watters to an aggregate 120-month prison term, which included a consecutive 60-month term for the possession of a firearm in furtherance of drug trafficking crime conviction as required by 18 U.S.C. § 924 (c)(1)(A)(i). *Id.*

28 U.S.C. § 2255, but the legal sufficiency argument is an impermissible collateral attack on Watters' conviction. *See* ECF Doc. 23 at ¶ 20; *see also United States v. Martin*, 526 F. App'x 926, 933 (6th Cir. 2008) (explaining that a guilty plea the waives right to challenge conviction based on insufficiency of the evidence). Thus, the Court cannot entertain Watters' first argument.

Next, the Motion does not support Watters' claim of actual innocence. As an initial matter, Watters' guilty plea amounts to admission of all elements of possession of a firearm in furtherance of a drug trafficking crime, which undermines his claimed innocence. *United States v. Gibney*, 519 F.3d 301, 304-05 (6th Cir. 2008). Moreover, an actual innocence claim requires proof of *factual* innocence, but Watters asserts only that the Government's "nexus" evidence was insufficient to prove his guilt. Thus, the actual innocence argument is facially faulty. *See Vanwinkle v. United States*, 645 F.3d 365, 369 (6th Cir. 2011) ("'[A]ctual innocence' means factual innocence, not merely legal insufficiency." (internal citations omitted)).

Finally, Watters' ineffective assistance of counsel claim fares no better. Watters is improperly seeking legal sufficiency review by bootstrapping it to an ineffective assistance of counsel claim. However, his appellate waiver forecloses review of legal sufficiency for the reasons discussed above.

Even if the ineffective assistance of counsel argument was properly before the Court, the claim still fails because Watters cannot show that his trial counsel's performance fell below an objective standard of reasonableness, as required by *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Rather, trial counsel's advice to plead guilty was sound, given the strong evidence connecting the firearm in Watters' bedroom to the drug-trafficking activity in his house. Indeed, the agreed-to facts in the plea agreement, Watters' plea colloquy, and the undisputed evidence in the pre-sentence report all establish the following facts: Watters possessed two kilograms of

cocaine and various drug trafficking equipment, such as mannitol, digital scales, an electronic money counter, and a hydraulic drug press; the firearm at issue was loaded, and officers located ammunition and magazines throughout the house, including an extended magazine; when officers arrived at Watters' home to execute a search warrant, Watters fled the scene by car and discarded a second firearm during his flight; and Watters cannot lawfully possess a firearm because he is a convicted felon. ECF Doc. 23 at ¶ 22; ECF Doc. 25 at ¶¶ 10-18; *see also Vanwinkle*, 645 F.3d at 370 (relying on the presentence report to assess a post-guilty plea attack on evidence sufficiency). Thus, this evidence tends to prove that the firearm was not simply in Watters' house as a matter of happenstance but was part of the drug-trafficking activity, and, in turn, Watters' claim that his trial attorney provided him with constitutionally defective advice is belied by the record. *See United States v. Maya*, 966 F.3d 493, 501 (6th Cir. 2020) (listing the factors that tend to establish the Section 924(c)'s nexus requirement). No hearing is necessary to assess the validity of the claim.

In sum, each vacatur argument fails outright, and, as a result, the Motion is not well taken. Therefore, Watters' Motion to Vacate under 28 U.S.C. § 2255 (ECF Doc. 34) is hereby **DENIED**. Furthermore, pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b), there is no basis upon which to issue a certificate of appealability.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster June 13, 2022*
**Dan Aaron Polster**
**United States District Judge**